UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOHAMMED NAIL HUSSAIN ZADA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Defendants. | Case No.  26-cv-04157-VC<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 2 |

The motion for a preliminary injunction is granted. This order assumes that the reader is familiar with the facts, the applicable laws and legal standards, and the arguments made by the parties.

Because no circumstances have changed since the Court granted the motion for a TRO, Dkt. No. 11, the Court's analysis remains the same. The question of whether Hussain Zada is likely to succeed on the merits is closer here than in cases involving noncitizens who have been re-detained after previously being released from custody on their own recognizance. But here, the government's grant of work authorization to Hussain Zada was an affirmative decision to let the petitioner participate in society and thus can be understood as an implicit determination that he was not a flight risk or a danger to the community. *See, e.g.*, *Kharitonova v. Albarran*, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026); *B.R.F. v. Noem*, 2026 WL 84526, at *5-6 (D. Or. Jan. 12, 2026). The government also raises legitimate resource concerns about the burden of holding a pre-deprivation hearing and the current delays in holding such hearings. But, at least at this preliminary stage of the case, Hussain Zada has shown that there are serious questions as to whether the *Mathews* balancing factors tip in his favor. And, for the reasons explained in the

order granting the motion for a TRO, the remaining *Winter* factors weigh heavily in support of granting the preliminary injunction.

The government is therefore enjoined and restrained from re-detaining Hussain Zada while this litigation is pending, unless the government gives him a pre-deprivation hearing before a neutral decisionmaker or can demonstrate, in a motion to vacate the preliminary injunction, that the circumstances have changed such that a pre-deprivation hearing is no longer required.

**IT IS SO ORDERED.**

Dated: June 1, 2026

_____

VINCE CHHABRIA
United States District Judge