UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOHAMMED NAIL HUSSAIN ZADA,
Petitioner,

v.

SERGIO ALBARRAN, et al.,
Respondents.

Case No. 26-cv-04157-VC

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

The petition for writ of habeas corpus is granted in part and denied in part. This order assumes that the reader is familiar with the facts, the applicable laws and legal standards, and the arguments made by the parties.

The Court previously granted Hussain Zada's motions for a temporary restraining order and for a preliminary injunction. Dkt. Nos. 11, 22. Because no circumstances have changed since those orders, the analysis is the same.

Hussain Zada is entitled to a pre-deprivation hearing before an immigration judge. When the government granted Hussain Zada work authorization, it implicitly concluded that he was not a flight risk or danger to the community—a decision that created a protected liberty interest. *See* Dkt. No. 22 at 1; *Rubio Vera v. Albarran*, No. 26-CV-10858-VC, 2026 WL 2884965, at *1 (N.D. Cal. Sep. 25, 2026). Because the government has already made this determination, the risk of erroneous deprivation is high. And although requiring a pre-deprivation hearing will burden the government—by placing additional stress on an already strained immigration-court system—that burden is outweighed by Hussain Zada's strong interest in remaining free from custody and the high risk that he will be detained in error. Accordingly, Hussain Zada's habeas petition is granted

insofar as it requests his release from custody pending a pre-deprivation hearing.

Hussain Zada sought additional relief beyond simple release. In the alternative to release, he asked for an immediate custody determination and a prompt bond hearing. He also sought orders requiring the government to disclose his location and certain paperwork, ensure attorney access, and keep him within the Northern District of California. These requests are denied as moot. He also sought return of his passport and other documents. This relief is beyond the scope of habeas proceedings and is therefore denied. *See Garrido v. Mullin*, No. 5:26-CV-02230-AB, 2026 WL 1896213, at *1 (C.D. Cal. July 1, 2026). Finally, Hussain Zada requested attorneys' fees and costs. To recover fees and costs, he must file a separate motion within 30 days of the entry of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).

* * *

Respondents are permanently enjoined from re-detaining Hussain Zada without providing a pre-deprivation hearing before an immigration judge. This order does not prevent the government from detaining Hussain Zada pursuant to 8 U.S.C. § 1231(a) if he becomes subject to a final order of removal.

**IT IS SO ORDERED.**

Dated: October 5, 2026

VINCE CHHABRIA
United States District Judge